## IN RE DANIEL LYONS.

### CONTEMPT OF COURT.   BEFORE MCCULLY, J.

### JANUARY TERM, 1884.

The publisher of a newspaper held responsible for an article in the paper reflecting upon a decision of the Chief Justice: and fined for contempt.

### MOTION FOR ORDER TO SHOW CAUSE.

And now comes Paul Neumann, the Attorney-General of the Kingdom, and moves the Court for an order to cite Daniel Lyons, publisher of the *Elele Poakolu,* a weekly newspaper published in Honolulu, to be and appear before this Honorable Court, at a time and day fixed by this Honorable Court, to show why he should not be punished for contempt of this Honorable Court, by knowingly publishing on the 19th day of December, A.D., 1883, in the said newspaper, certain malicious and libelous writings reflecting upon a decision rendered by the Chief Justice of this Honorable Court in a matter then pending in the Supreme Court of the Hawaiian Islands, and tending to bring this

Honorable Court and the administration of Justice into ridicule, contempt, discredit and odium.

PAUL NEUMANN,
Attorney-General.

Dated Honolulu, January 7th, 1884.

Let process issue, returnable before the Supreme Court Term, Saturday, 12th January, 1884, at 10 A.M.

L. McCULLY,
Presiding Justice.

## DECISION OF McCULLY, J.

Upon a service made pursuant to the above information, the said Daniel Lyons appears before the Court and says that he had no knowledge in fact of the contents of the newspaper, his sole business being to print and publish it; and that the editorial business was done by Mr. John Sheldon.

Mr. Sheldon thereupon voluntarily states to the Court that he was the managing editor at the time the communication was received, and should have examined it, but did not, being just then on the point of resigning his position; and gave it to be set up.

Neither Mr. Lyons nor Mr. Sheldon offer information as to the writer of the objectionable article. It is not denied that the matter was of the character charged in the information.

There must be a responsibility somewhere for the publication of libellous matter, and the rule of law is that the publisher is liable, even if he have no knowledge of the contents and be entirely ignorant of its being libellous. 1 Hawk. P. C. 73.

This is a presumption which may be rebutted by special circumstances. Was it so in this case?

It would seem by the statement of Mr. Sheldon, that he was a mere employee, in law, servant of the defendant. He says he would not have permitted the article to appear if he had seen it. It was the course of business at the office that he should read or write all matter for the paper. Now, if by his not reading a communication, it thereby received a character of immunity, and all persons became free from responsibility, clearly the door

would be opened for the irresponsible publication of any unlaw-
ful matter.  The delegation of the duty of supervising, by the
master to the servant, does not free the master.  He is to be
holden for the neglect or indiscretion of the servant.

Nothing appears in this case why the general rule should not
be applied.  No special circumstances are shewn tending to in-
duce a belief, on the part of the employee or principal, that this
article was one which need not be examined.  Mr. Sheldon says
he ought to have examined it; that if he had done so, he would
not have permitted it to appear.  The respondent, then, comes
under the general rule of the liability of publishers for what they
publish, and of masters for the acts of their servants.  It is a
legal liability, without reference to personal blame.  In view of
that I make the penalty a pecuniary one and impose a fine of
fifty dollars.